UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 24 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Robert Louis Salter Jr., )
                      Plaintiff, )
v.         )   Civil Action No. 12 0644
Charles Samuels Jr., )
                      Defendant. )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint seeking class certification and his application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the complaint.

Plaintiff is a prisoner incarcerated at the Federal Correctional Institution in Texarkana, Texas. He seeks to bring a class action against the Bureau of Prisons on behalf of federal prisoners nationwide for alleged "overcrowding within the federal prison system." Compl. at 2. Plaintiff "asserts a claim of systemic unconstitutionality resulting from overcrowding at the F.C.I.-Texarkana (LOW) prison and contends that these conditions are representative of overcrowding through the entire Federal prison system" in violation of the Eighth Amendment. *Id.*

Rule 23 of the Federal Rules of Civil Procedure authorizes one or more members of a class to sue on behalf of all members provided that, among other specified conditions, the representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

23(a)(4). *Pro se* plaintiffs may not represent other *pro se* plaintiffs in federal court, however. *See* 28 U.S.C. § 1654; *Oxendine v. Williams,* 509 F.2d 1405 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.") (citation omitted); *Debrew v. Atwood,* No. 10-0650 (JDB), — F. Supp. 2d —, 2012 WL 898786 (Mar. 19, 2012), at *8 (federal prisoner proceeding *pro se* "is not qualified to appear on behalf of another person") (citing *Georgiades v. Martin–Trigona,* 729 F.2d 831, 834 (D.C. Cir. 1984)) (other citation omitted); *see also Maldonado v. Terhune,* 28 F. Supp. 2d 284, 288 (D.N.J. 1998), quoting *Caputo v. Fauver,* 800 F. Supp. 168, 170 (D.N.J.1992), *aff'd,* 995 F.2d 216 (3d Cir. 1993) ("Courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action.'").

Plaintiff seeks the appointment of class counsel, but his claim that the conditions at FCI Texarkana are "representative" of those throughout BOP's system is too speculative to warrant appointing counsel from this Court's Civil Pro Bono Panel to, in effect, commence plaintiff's action. If plaintiff were to proceed on his own behalf, this venue would not be proper for litigating his claim predicated on alleged overcrowding at FCI Texarkana. *See* 28 U.S.C. § 1391(b)(2) (designating the proper venue under the circumstances presented as the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ *[signature]*
United States District Judge

Date: April 1*4*, 2012